## Case No. 17,198a.

### WARREN et al. v. ROBERTSON.

### [MS.]

Circuit Court, D. Connecticut. Sept., 1876.

#### NEW TRIAL—EXCESSIVE DAMAGES.

[On a motion for a new trial in an action of tort. on the ground of excessive damages, the plaintiff may be required to remit the excess, instead of being required to submit to a new trial.]

[This was an action by Warren & Howard against C. M. Robertson for damages. Verdict for plaintiffs. Defendant moves for a new trial.]

SHIPMAN, District Judge. This case was tried to the jury at the present term of this court, who returned a verdict for the plaintiffs to recover $4,000 damages. The defendant has filed within the proper time a motion for a new trial. The two grounds upon which he relies are that the verdict is unsupported by, and contrary to, the evidence, and that the damages were grossly excessive. The action was to recover damages which had accrued to the plaintiffs in consequence of a reliance upon material misrepresentations of the defendant in regard to the pecuniary position and responsibility of the Rockland Paper Company, a corporation of which he was president. Three questions of fact were submitted to the jury: (1) Were the alleged misrepresentations made to the plaintiffs. (2) Did the plaintiffs alter their position, relying upon the truth of said representations, and in consequence thereof? (3) Were the plaintiffs damnified thereby, and what was the extent of said damages?

Upon the first two questions the verdict of the jury was in accordance with the opinion of the court. Upon the third question the verdict was not in accordance with my opinion, which was that substantial damages had not been proved. The question of damages is one peculiarly within the province of a jury, and the verdict ought not to be set aside unless it is. in the opinion of the court, grossly excessive, and indicates that the jury must have been influenced by unworthy motives, or by such misconception of the evidence as to cause the result to be an act of clear and manifest injustice to the defeated party. The damages, if any, which resulted to the plaintiffs, were those arising from their renewal of the notes of the corporation of which the defendant was president. to become due after November 20, 1875, and the evidence satisfied me that as to the notes maturing after January 10, 1876, the plaintiffs had not suffered from the misrepresentations; but the question of fact was left to the jury to find, whether the previous conduct of the defendant had placed the plaintiffs in such a condition that, as to those notes, they were damnified. They have evidently found that there was damage, but they have, in my opinion, greatly exceeded any just or reasonable amount. I am clearly of opinion that to allow a verdict of $4,000 to remain would be an act of injustice, from which a court ought not to discharge itself by passing the responsibility over upon the jury. But as there may have been some evidence that the plaintiffs were injured as to the transactions occurring prior to January 10, 1876, and as the question of fact was left to them as to any damage after that time. it seems to me that I ought not to set the verdict aside absolutely, but to give the plaintiffs the option of a new trial, or of a remitter. In actions of tort, upon a motion for a new trial upon the ground of excessive damages courts have the right to require the plaintiff to remit the excess, instead of being required to submit to a new trial. Russell v. Place [Case No. 12,161]; Stafford v. Pawtucket Hair-Cloth Co. [Id. 13,-275]. The sum of $1.475 includes all the damages which the plaintiffs could have suffered by the transactions between November 20, 1875. and January 10, 1876, and also the sum of $400, and interest upon the whole sum. Let there be a new trial, and verdict set aside, unless the plaintiffs shall consent to remit $2,-525 of the verdict; such remittitur to be filed with the clerk on or before December 15. 1876. In the event of the remittitur, judgment to be entered for $1.475, as of the date of the verdict.